# IN THE COURT OF APPEALS OF IOWA

———————————

No. 26-0018
Filed March 11, 2026

———————————

**In the Interest of A.S., Minor Child,**

**H.S., Mother,**
Appellant.

———————————

Appeal from the Iowa District Court for Story County,
The Honorable Hunter W. Thorpe, Judge.

———————————

**AFFIRMED**

———————————

Daniela Matasovic of Matasovic Law Firm, Dalton, attorney for appellant
mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Shannon M. Leighty, Nevada, attorney and guardian ad litem for minor
child.

———————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to her minor child, A.S., born in 2014.[1] She challenges the sufficiency of the evidence supporting the grounds for termination, claims termination is not in the child's best interests, argues a permissive exception to termination should be applied, and requests additional time to work toward reunification. Upon our review, we affirm.

## I.    Background Facts and Proceedings

This family originally came to the attention of the Iowa Department of Health and Human Services (department) in 2018, due to the parents' substance use, which resulted in A.S.'s removal. That case closed in 2020. The family most recently came to the department's attention in August 2024, due to concerns related to the mother's methamphetamine use and domestic violence between the parents.[2] A.S. was removed from parental custody and adjudicated a child in need of assistance. He was initially placed with his adult sister for several weeks, and then he was moved to the home of his biological sister's adoptive aunt and uncle, where he has remained.

Reunification services were initiated. Over the next year, the court received evidence of the mother's progress and the child's placement stability at dispositional and permanency hearings. During that time, the department reported ongoing substance-use concerns for the mother. The department documented multiple positive tests for methamphetamine and amphetamine through 2025, while the mother continued to dispute use.

---

[1] The father's parental rights were also terminated. He does not appeal.

[2] The mother was arrested after she stabbed the father outside the family home. The parents acknowledged being under the influence of methamphetamine at the time.

The State petitioned to terminate parental rights in November 2025. The termination hearing took place in December. Leading up to trial, the mother was engaged in outpatient substance-use treatment and mental-health services, and she complied with drug-testing requirements; a sweat patch reported December 11, 2025, was negative for methamphetamine and amphetamine. The department caseworker detailed the mother's prior positive results, including one in late September 2025. The caseworker opined the mother's continued denial of use impeded meaningful insight and sustained sobriety.

Meanwhile, A.S. adjusted well in his placement. Reports described the placement as providing consistency and stability. By the termination hearing, the concurrent plan recommended adoption by the current caretakers. A.S. communicated his views to the guardian ad litem, acknowledging sadness about the recommendation but indicating agreement with termination and with the understanding that the plan was adoption in his present home.

The court entered an order terminating the mother's parental rights under Iowa Code section 232.116(1)(e), (f), and (*l*) (2025). The mother appeals, challenging the sufficiency of the evidence supporting the statutory grounds, asserting termination is contrary to A.S.'s best interests, urging application of a permissive exception based on a parent-child bond, and requesting an additional six months to work toward reunification.

## II.    Analysis

We conduct our review of termination-of-parental-rights proceedings de novo, considering whether (1) the State has proven a statutory ground for termination, (2) termination advances the child's best interests, and (3) any statutory exception should nonetheless preclude termination. *See In re L.B.*,

970 N.W.2d 311, 313 (Iowa 2022); Iowa Code § 232.116(1)–(3). The mother's claims implicate each step of this framework.

### A. Grounds for Termination

The district court terminated the mother's parental rights on three statutory grounds, but we may affirm if one ground is supported by the record. *In re A.B.*, 957 N.W.2d 280, 313 (Iowa 2021). On appeal, the mother only challenges the grounds under Iowa Code sections 232.116(1)(e) and 232.116(1)(*l*). As the mother has not raised an issue under section 232.116(1)(f), she has waived any claim of error on that section. Accordingly, we affirm termination of her parental rights under section 232.116(1)(f).

### B. Best Interests

Termination must also serve the child's best interests. *See* Iowa Code § 232.116(2). When determining best interests, we give primary weight to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child." *Id.*; *accord In re L.T.*, 924 N.W.2d 521, 528 (Iowa 2019).

The mother highlights recent progress but continues to minimize her methamphetamine addiction. Her continued substance use and lack of a sustained path to sobriety not only fails to provide a safe and stable home for A.S. but also casts doubt on any long-term capacity to provide the consistency and care necessary for his healthy development. Relevant considerations include the mother's ongoing inability to secure steady employment, her justifications for failed drug tests, and her persistent contact with known drug users both inside and outside her residence.

Further, the mother's own pending criminal matters—including multiple missed court dates—raises additional concern.

We "cannot deprive a child of permanency after the State has proved a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (quoting *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010)). A.S. has a stable environment. A.S. has integrated with his current placement and considers himself a part of their family unit. Termination of the mother's parental rights serves the child's best interests.

### C. Permissive Exception to Termination

Once the State has proven grounds for termination, the burden shifts to the parent to prove a permissive exception under section 232.116(3). *In re A.S.*, 906 N.W.2d 467, 475–76 (Iowa 2018). The mother argues that the closeness of her bond with the child should lead the court to invoke an exception to termination. *See* Iowa Code § 232.116(3)(c). But our focus must remain on whether termination would harm the child and whether any such harm outweighs the mother's inability to meet A.S.'s ongoing developmental needs.

The mother points to stability in her current housing situation as a positive factor. But she also admits that she is currently subsisting on money being given to her by relatives and charitable groups. This is not sustainable. This combined with her unaddressed, decades-long addiction substantially outweighs any asserted benefit of maintaining the legal relationship. A.S. is thriving in a stable and secure placement that meets his emotional and developmental needs, and the mother has not shown that "termination would be detrimental to the child at the time due to the closeness of the

parent-child relationship." *In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021) (quoting Iowa Code § 232.116(3)(c)). We conclude application of this permissive exception is unwarranted.

### D. Additional Time for Reunification Efforts

The mother also contends the court should have granted her a six-month extension "for continued work and planning for return." *See* Iowa Code §§ 232.117(5), 232.104(2)(b) (permitting the court to grant an extension to work toward reunification if "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). The court found that a six-month extension would not change the outcome.

The mother highlights a negative drug test from December 2025. But the record reflects a repeated pattern of negative tests followed by later positives, including a confirmed positive test in late September 2025. Each positive drug test was followed by explanations that ranged from unlikely to highly improbable—such as attributing results to eating certain foods or taking over-the-counter medications. Because the mother has not acknowledged the underlying issue, granting further time would not remedy the barriers to reunification. We, like the district court, decline to grant an extension of time for reunification efforts.

## III.   Conclusion

Having determined that the statutory grounds for termination are met, termination serves the child's best interests, the application of a permissive exception is unwarranted, and an extension of time for reunification efforts

should not be granted on this record, we affirm the termination of the mother's parental rights.

**AFFIRMED.**